# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LaMonte Rydell Martin,<br><br>        Petitioner,<br><br>v.<br><br>Michelle Smith[1], Warden, Oak Park Heights Correctional Facility,<br><br>        Respondent. | Case No. 10-cv-4753 (SRN/TNL)<br><br>**ORDER** |

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner LaMonte Rydell Martin's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") [Doc. No. 1]. For the reasons set forth below, the Petition is granted in part and denied in part.

In 2007, while Petitioner was a juvenile, he was sentenced to life imprisonment without the possibility of release pursuant to Minn. Stat. § 609.106 after being convicted of first degree murder and crime committed for the benefit of a gang. (Petition at 1.) Petitioner subsequently filed his Petition which, in relevant part, challenged his sentence on the basis that he was a juvenile at the time of the crime. (Petition at 7–8.) After the Petition was fully briefed, but before this Court ruled on it, the United States Supreme

---

[1] Originally, the respondent in this matter was Jessica Symmes. However, Ms. Symmes is no longer the warden of Oak Park Heights Correctional Facility. (See Pet.'s Submission [Doc. No. 48].) Michelle Smith, Ms. Symmes' successor, is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012). In light of Miller, Magistrate Judge Tony Leung ("Judge Leung") ordered the parties to submit additional briefing. (See Order dated October 4, 2012 [Doc. No. 25].) Ultimately, the Court held that Miller was "not retroactive on collateral review" and thus could not serve as a basis to grant the Petition, but also granted Petitioner a certificate of appealability on that issue. (See Order dated October 15, 2013 at 32 [Doc. No. 31].)

On appeal, the Eighth Circuit affirmed this Court's decision, finding that Miller was not retroactive. See Martin v. Symmes, 782 F.3d 939, 943 (8th Cir. 2015). However, The United States Supreme Court subsequently reversed the Eighth Circuit, holding that Miller was retroactively applicable. See Montgomery v. Louisiana, 136 S. Ct. 718 (2016). The Eighth Circuit remanded the case back to this Court for proceedings consistent with Montgomery. Martin v. Symmes, No. 13-3676, 2016 WL 2342812, at *1 (8th Cir. May 3, 2016).

On remand, Judge Leung ordered the parties to submit briefing on the issues of whether, in light of Miller and Montgomery, Petitioner is entitled to relief and the appropriate remedy if he is. (See Order dated April 26, 2016 [Doc. No. 45].) Petitioner argues that the Court should issue a writ of habeas corpus, vacate his sentence, and direct the State of Minnesota to resentence him pursuant to Miller and Montgomery. (See Pet.'s Submission [Doc. No. 48].) Respondent Michelle Smith ("Respondent") agrees, citing State v. Ali, 855 N.W.2d 235 (Minn. 2014) as a roadmap for the procedure to use in

2

resentencing Petitioner.  (See State's Submission [Doc. No. 50].)  In Ali, the Minnesota Supreme Court directed that the state district court resentence a criminal defendant after considering mitigating circumstances that might make the sentence of life without the possibility of parole inappropriate under the Eighth Amendment.  855 N.W.2d at 256–57 (citing the circumstances set forth in Miller as a useful, but not exclusive, starting point for reconsideration).  The Court agrees that under Miller and Montgomery, Petitioner is entitled to resentencing in accordance with the procedure described in Ali.

**ORDER**:

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Petitioner's sentence is **vacated** in accordance with Miller v. Alabama, 132 S. Ct. 2455 (2012) and Montgomery v. Louisiana, 136 S. Ct. 718 (2016);

    b. Petitioner's case is **remanded** to the Hennepin County District Court for resentencing consistent with State v. Ali, 855 N.W.2d 235 (Minn. 2014); and

    c. The Petition is in all other respects **denied** for the reasons stated in the prior orders of this Court.

  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 6, 2016　　　　　　　　　　　　　s/ Susan Richard Nelson
　　　　　　　　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge